**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

NORA CORLEY, o/b/o C.M.C., a minor,

                  Plaintiff,

vs.

                                                Case No. 16-CV-337-JED-FHM

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

                  Defendant.

## REPORT AND RECOMMENDATION

Plaintiff, Nora Corley, on behalf of minor C.M.C.,[1] seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[2] The matter has been referred to the undersigned United States Magistrate Judge for report and recommendation.

## Standard of Review

The role of the court in reviewing the decision of the Commissioner under 42 U.S.C. § 405(g) is limited to a determination of whether the record as a whole contains substantial evidence to support the decision and whether the correct legal standards were applied. *See Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1237 (10th Cir. 2001); *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.*, 26 F.3d 1027, 1028 (10th Cir. 1994).  Substantial evidence is more than a scintilla, less

---

[1] Throughout this report and recommendation for the sake of convenience, the undersigned will refer to the child claimant as Plaintiff.

[2] Plaintiff's October 3, 2013, application for disability benefits was denied initially and on reconsideration.  A hearing before Administrative Law Judge ("ALJ") Richard J. Kallsnick was held October 2, 2014.  By decision dated December 23, 2014, the ALJ entered the findings that are the subject of this appeal.  The Appeals Council denied Plaintiff's request for review on April 4, 2016.  The decision of the Appeals Council represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991). Even if the court would have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Servs.,* 961 F.2d 1495 (10th Cir. 1992).

## Background

Plaintiff was 10 years old on the alleged date of onset of disability and 12 on the date of the ALJ's denial decision  She claims to have been under a disability since November 19, 2012 as a result of a learning disability.

## Sequential Evaluation for Child's Disability Benefits

The procedures for evaluating disability for children are set out at 20 C.F.R. § 416.924(a). The first step is to determine whether the child is performing substantial gainful activity. If not, the next consideration is whether the child has a "severe" mental or physical impairment. A "severe" impairment is one that causes more than minimal functional limitations. If a "severe" impairment is identified, the claim is reviewed to determine whether the child has an impairment that: 1) meets, medically equals, or functionally equals the listings of impairments for children;[3] and 2) meets the duration requirement.

---

[3] The listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively demonstrate disability. 20 C.F.R. Pt. 404, Subpt. P, App.1.

If the child does not have impairments of a severity to meet a listing, the severity of the limitations imposed by impairments are analyzed to determine whether they functionally equal a listing.  Six broad areas of functioning, called domains, are considered to assess what a child can and cannot do.  Impairments functionally equal a listing when the impairments result in "marked" limitations in two domains or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a.  The six domains are:  1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others; 4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  20 C.F.R. § 416.926a(b)(1).  A limitation is "marked" when it interferes seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(2)(I).  An "extreme" limitation interferes very seriously with the ability to independently initiate, sustain, or complete activities.  20 C.F.R. § 416.926a(e)(3)(I).

## The ALJ's Decision

The ALJ determined that Plaintiff does not have an impairment of combination of impairments that meet or medically equals the severity of one of the listed impairments. The ALJ therefore proceeded to evaluate the record to determine whether Plaintiff's impairments functionally equal a listing.  He made the following findings concerning the six domains of functioning:  a marked limitation in acquiring and using information; a less than marked limitation in attending and completing tasks; and no limitation in interacting and relating with others, in moving about and manipulating objects, caring for herself, and health and physical well-being.  Since Plaintiff did not have an impairment of combination of impairments that resulted in either marked limitations in two domains or an extreme limitation in one domain of functioning, the ALJ found that Plaintiff is not disabled.

3

**Plaintiff's Allegations**

Plaintiff asserts that:  she meets or equals Listing of Impairment §112.02; she meets the functional equivalence of a listing, claiming she has an extreme limitation in the domain of acquiring and using information; and the ALJ failed to perform a proper credibility analysis.

**Analysis**

As reflected in footnote 2, Plaintiff's application for disability benefits underwent four levels of review by the Social Security Administration.  Only after Plaintiff's claim was denied at all four levels, did it reach this court.  By statute, the court's review of the Social Security Administration's findings of fact is highly deferential.   "The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive [.]"  42 U.S.C. § 405(g).[4]  Therefore, to establish factual error Plaintiff must show that the evidence is so overwhelming that no reasonable ALJ would fail to make the finding Plaintiff asserts is proper.  Absent such a showing, the court is bound by the determination made by the ALJ as the finder of fact.

Throughout this appeal, Plaintiff argues for a different conclusion by pointing out information within the medical record which might arguably support a conclusion different from the one reached by the ALJ.  However, the mere existence of contrary evidence in the record does not require remand if the decision is otherwise supported by substantial

---

[4] *See also Oldham v. Astrue*, 509 F.3d 1254, 1257-58 (10th Cir. 2007)(on appeal court reviews only sufficiency of evidence, not its weight); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (court may not reweigh evidence and displace agency choice between two fairly conflicting views, discussing meaning of substantial evidence); *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir. 1994) (evidence is insubstantial if it is overwhelmingly contradicted by other evidence).

evidence. As hereafter explained, Plaintiff has not demonstrated the absence of substantial evidence in the record to support the ALJ's decision.

Courts have also decided that Social Security decisions will be reversed if the decision is based on <u>harmful</u> legal error. That is: the error must actually make a difference in the outcome of the decision. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012)(the court should exercise common sense and not insist on technical perfection); *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)(reversal not required where certain technical errors are minor enough not to undermine confidence in the determination of the case); *Moua v. Colvin,* 541 Fed. Appx. 794, 798 (10th Cir. 2013)(no principle of administrative law or common sense requires that a case be remanded in quest for a perfect opinion, unless there is reason to believe that the remand might lead to a different result). As hereafter explained, Plaintiff has not demonstrated the existence of harmful legal error in this case.

<u>Listing of Impairment §112.02</u>

The Listings describe, for each of the major body systems, medical findings which are considered severe enough that they represent impairments which presumptively prevent a person from performing any gainful activity. 20 C.F.R. Pt. 404, Subpt. P, App. 1. It is the claimant's burden to show that her impairment is equivalent to a listing. *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). Furthermore, *all* of the specified medical criteria must be matched to meet a listing. An impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 531, 110 S.Ct. 885, 891, 107 L.Ed.2d 967 (1988).

There is no merit to Plaintiff's argument that the ALJ erred by making a cursory conclusion regarding whether she met listing 112.02.  The listing requires history and physical examination or laboratory tests, including psychological or neuropsychological tests that demonstrate or support the presence of an organic factor judged to be etiologically related to the abnormal mental state and associated deficit.  Listing 112.02, 20 C.F.R. Pt. 404, Subpt. P, App. 1.  There is no such medical determination.  The only medical information contained in the record is the consultative mental examination performed by Minor W. Gordon, Ph.D., psychologist.  [R. 249-250].  Dr. Gordon reported the results of the mental status examination and psychological testing performed, but did not make any diagnosis or conclude that any organic factor was present.  The record thus lacked any basis for the ALJ to have made further analysis of the listing.

In addition, at the hearing Plaintiff's counsel contended that the case should be decided on the basis of functional equivalence.  [R. 38].  An ALJ is normally entitled to rely on the claimant's counsel to structure and present the case.  See *Hawkins v. Chater,* 113 F.3d 1162, 1164 (10th Cir.1997).

<u>Functional Equivalence of a Listing</u>

The ALJ accurately summarized the evidence related to Plaintiff's limitations in the domain of acquiring and using information, [R. 24-25], and concluded that Plaintiff has a marked limitation in this one domain.  Plaintiff argues that the ALJ ignored evidence, that the evidence should have been interpreted differently, and that the ALJ should have concluded she had an extreme limitation in this domain which would result in a finding of disability.

Contrary to Plaintiff's allegations, the ALJ did not ignore teachers' reports.  The ALJ recounted those reports in the context of addressing the domain of acquiring and using information.  [R. 24-25].

There is no merit to Plaintiff's argument that her scores on the Woodcock Johnson III testing performed at school demonstrate the existence of an "extreme" limitation under the Commissioner's regulations, 20 C.F.R. § 416.926.  That regulation explains that an "extreme" limitation is the level of functioning that would be expected on standardized testing with scores at least three standard deviations below the mean.  Plaintiff states that her Woodcock Johnson testing falls in this category and therefore her limitation is extreme.  However, the regulations also explain that the Commissioner will not rely solely on any test score for making a "marked" or "extreme" finding.  20 C.F.R. § 416.926a(e)(4)(I).  Rather, all of the information is considered together.  20 C.F.R. § 416.926a(e)(4)(ii).  In addition to the teacher's reports the ALJ considered the Woodcock Johnson testing, [R. 24], the consultative examiner's report, and the opinions of the state agency medical consultants.  [R. 25].  The reports by the state agency medical consultants reveal that they also considered the Woodcock Johnson testing and concluded that Plaintiff's limitation was marked, not extreme.  Although the ALJ is not bound by the findings made by the state agency medical or psychological consultants, the Commissioner's regulations instruct that these consultants are "highly qualified physicians and psychologists who are also experts in Social Security disability evaluation" whose findings must be considered as opinion evidence.  20 C.F.R. § 404.1527(e)(2)(I); 20 C.F.R. § 416.927(e)(2)(I).

The undersigned finds that the ALJ properly considered the evidence related to the domain of acquiring and using information and the ALJ's conclusion is supported by substantial evidence.

### Credibility Determination

"[C]redibility determinations are peculiarly the province of the finder of fact, and [the court] will not upset such determinations when supported by substantial evidence." *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir.2010) (internal quotation marks omitted). Those findings "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Id.* (internal quotation marks omitted).

Concerning the credibility of Plaintiff's mother, the ALJ said:

> After considering the evidence of record, the undersigned finds that the claimant's medically determinable impairment could reasonably be expected to produce the alleged symptoms; however, the statements concerning the intensity, persistence[,] and limiting effects of these symptoms are not entirely credible for the reasons explained below.

[R. 23].  Plaintiff argues that this stock language was inadequate to assess her credibility and that the ALJ misinterpreted the answers Plaintiff's mother gave on a function report.

The undersigned finds that while the ALJ's discussion of his evaluation of Plaintiff's mother's testimony is sparse, the ALJ sufficiently explained his determination that the mother's testimony did not establish that Plaintiff was qualified for disability benefits.  The ALJ pointed out where the mother's testimony about Plaintiff's capabilities contrasted with the Individual Education Plan (IEP), a classroom evaluation, academic records, and the opinions of the state agency medical consultants.  [R. 22-23].

8

Plaintiff is correct that the ALJ inaccurately reported the answers Plaintiff's mother gave on a function report she completed.  In the section of the report addressing Plaintiff's communication skills, the mother marked that Plaintiff is unable to tell jokes or riddles accurately and does not use sentences with "because," "what if," or "should have been." [R. 155].  The ALJ inaccurately reported the mother noted no problems in these areas.  [R. 22].  The undersigned finds that the ALJ's mistake about the mother's answers on the function report does not require remand.  In finding that Plaintiff had a marked limitation in acquiring and using information, the ALJ took into account that testing showed Plaintiff had low average oral language skills and that her teachers noted she had serious or very serious problems providing organized oral explanations and adequate descriptions. [R. 24-25].

The undersigned finds that, although the ALJ could have been more articulate regarding his treatment of the mother's testimony, the ALJ's discussion was sufficient to convey that the mother's testimony did not establish the severity of Plaintiff's limitations beyond a marked limitation in the domain of acquiring and using information.

## Conclusion

The undersigned United States Magistrate Judge finds that the ALJ evaluated the record in accordance with the legal standards established by the Commissioner and the courts and further that there is substantial evidence in the record to support the ALJ's decision.  Accordingly, the undersigned United States Magistrate Judge RECOMMENDS that the decision of the Commissioner finding Plaintiff not disabled be AFFIRMED.

In accordance with 28 U.S.C. §636(b) and Fed. R. Civ. P. 72(b)(2), a party may file specific written objections to this report and recommendation.  Such specific written

objections must be filed with the Clerk of the District Court for the Northern District of Oklahoma on or before April 5, 2017.

If specific written objections are timely filed, Fed.R.Civ.P. 72(b)(3) directs the district judge to:

> determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

See also 28 U.S.C. § 636(b)(1).

The Tenth Circuit has adopted a "firm waiver rule" which "provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of factual and legal questions." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991)). Only a timely specific objection will preserve an issue for de novo review by the district court or for appellate review.

DATED this 22nd day of March, 2017.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE